In cause No. 12,414 on the docket of the Twenty-Sixth District Court of Bossier Parish, Louisiana, Mrs. Hettie Gall Watson, the plaintiff therein, obtained a judgment against her husband, Archie P. Watson, "granting her an absolute divorce, `a vinculo matrimonii'", forever dissolving the bonds of matrimony heretofore existing between them and granting unto her the care, custody and control of the minor children born of the marriage, namely, Archie W. Watson and Eugene Watson."
The judgment, dated June 26, 1936, further recited, among other things, that:
"It is further ordered, adjudged and decreed that the community of acquêts and gains be dissolved and the plaintiff and defendant be recognized as owners of an undivided one-half interest each, in and to said property, subject to the stipulations hereinafter made.
"It is further ordered, adjudged and decreed, that in lieu of any alimony being paid, that the said plaintiff, Hettie Gall Watson, is hereby granted the usufruct of the one-half interest in the real estate belonging to the said defendant, Archie P. Watson until the youngest child or both children have reached the age of majority or until the said plaintiff shall have remarried."
The present suit was brought in the same court by the said Archie P. Watson against Mrs. Watson, he seeking herein to have set aside that part of the judgment of the former proceedings which granted to Mrs. Watson the usufruct of his one-half interest in the real estate. Several reasons in justification of the relief sought are assigned, and he prays that such judgment be changed, altered and amended "so as to remove said usufruct and release the said property to the full use and enjoyment of your petitioner to which full use and enjoyment your petitioner is entitled as a matter of right, equity and law."
Mrs. Watson, the defendant in this cause, filed exceptions of no cause and no right of action. These were sustained and the suit ordered dismissed. Plaintiff has appealed from that decision.
Obviously this court is without authority to pass upon the controversy. The Supreme Court, by Article 7, Section 10 of the Louisiana Constitution of 1921, is given "appellate jurisdiction of all suits for divorce or separation from bed and board, and of all matters arising therein; of suits involving alimony, * * *."
The demand of plaintiff involves not only a matter incidental to and arising in the divorce proceedings between the litigants but also one concerning the sustenance of Mrs. Watson and the children, or, in reality, alimony.
Therefore, pursuant to the provisions of Act No. 19 of 1912, it is ordered that the appeal in this case be transferred to the Louisiana Supreme Court; that a period *Page 272 
of sixty days is granted for the perfecting of the transfer, dating from the finality of this decree; and that on failure to make the transfer within that period the appeal shall stand dismissed. Appellant shall pay the costs of this appeal, and all other costs are to abide the final disposition of the case.
DREW and TALIAFERRO, JJ., concur.